McGREGOR W. SCOTT
United States Attorney
STEPHANIE M. STOKMAN
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:18-CR-00252-NONE |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| BRITTANY MARTINEZ, | DATE: September 18, 2020
TIME:
COURT: Hon. Dale A. Drozd |
| Defendant. | |

This case is set for Sentencing on September 18, 2020. On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice." Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.[1] This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

Although the General Orders and declarations of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT                                           1

findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[2] If continued, this Court should designate a new date

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

for the Sentencing. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on September 18, 2020.

2. By this stipulation, defendant now moves to continue the status conference until January 8, 2021, and to exclude time between September 18, 2020, and January 8, 2021, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3. The parties agree and stipulate, and request that the Court find the following:

   a) In addition to the public health concerns cited by the General Orders and declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because:

   - The defendant does not consent to proceed using videoconferencing pursuant to General Order 614.

   b) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

   c) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of September 18, 2020 to January 8, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

\\

\\

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: August 27, 2020

McGREGOR W. SCOTT
United States Attorney

/s/ STEPHANIE M. STOKMAN
STEPHANIE M. STOKMAN
Assistant United States Attorney

Dated: August 27, 2020

/s/ ANTHONY CAPOZZI
ANTHONY CAPOZZI
Counsel for Defendant
BRITTANY MARTINEZ

**FINDINGS AND ORDER**

IT IS SO ORDERED.

Dated: **August 27, 2020**

UNITED STATES DISTRICT JUDGE

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

4